UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANA DARC FERREIRA,<br><br>            Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No.  1:22-cv-00163-BAM<br><br>**ORDER REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>(Docs. 15, 16) |

## INTRODUCTION

Plaintiff Joana Darc Ferreira ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence in the record as a whole

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c).  (Docs. 10, 18, 19.)

and based upon proper legal standards. Accordingly, this Court will deny Plaintiff's motion for summary judgment, deny her appeal of the administrative decision, grant the Commissioner's cross-motion for summary judgment, and affirm the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on February 20, 2019. AR 218-19.[2] Plaintiff alleged that she became disabled on September 23, 2018, due to severe depression, numbing of both arms, Bell's palsy, severe neck pain with restrictive movement, and dizziness when looking right. AR 241, 104. Plaintiff's application was denied initially and on reconsideration. AR 99-102, 104-08. Subsequently, Plaintiff requested a hearing before an ALJ. Following the hearing, ALJ Rebecca LaRiccia issued an order denying benefits on December 16, 2020. AR 11-28, 33-59. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 14-28. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 23, 2018, her alleged onset date. The ALJ identified the following severe impairments: degenerative disc disease, post-traumatic stress disorder ("PTSD"), major depressive disorder, and obsessive-compulsive disorder. AR 16-18. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 18-20.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could lift, carry, push and/or pull

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

20 pounds occasionally and 10 pounds frequently, could sit six hours out of an eight-hour workday, and could stand and/or walk six hours out of an eight-hour workday. She could occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch or crawl, and frequently handle and finger bilaterally. She must avoid hazards, including unprotected heights and dangerous moving machinery. She could understand, remember, and carry out simple instructions that could be learned in 30 days or less and could sustain concentration, persistence or pace to those simple instructions for two-hour intervals with normal breaks. AR 20-26. With this RFC, the ALJ found that Plaintiff could not perform any past relevant work, but could perform other jobs existing in significant numbers in the national economy, such as small products assembler, laundry worker, and office helper. AR 26-27. The ALJ therefore concluded that Plaintiff was not disabled for purposes of disability insurance benefits from September 23, 2018, through the date of the decision. AR 27-28.

## **SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

///

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**[3]

Plaintiff argues that the ALJ erred by finding the opinions from Dr. Vinay K. Buttan and FNP David Osbelt not persuasive without proper consideration of the supportability and consistency of those opinions with the record. (Doc. 15 at p. 11.)

**I.    Legal Standard**

Because Plaintiff applied for benefits after March 27, 2017, her claim is governed by the agency's new regulations concerning how an ALJ must evaluate medical opinions. 20 C.F.R. § 404.1520c. Under the new regulations, the Commissioner does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner evaluates the persuasiveness of the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors. 20

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

C.F.R. § 404.1520c(b)(2).  Under these regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal citations omitted).  "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings."  *Id.* (internal citations omitted).

**II.     Analysis**

   A.  Dr. Buttan's Opinion

On April 23, 2019, Dr. Buttan completed a consultative physical examination.  Plaintiff chiefly complained of neck and low back pain.  On examination, Plaintiff's gait was normal, and she did not use an assistive device while walking.  She had tenderness in the lumbosacral spine.  When asked to bend and touch her toes, Plaintiff could not do it as she complained of pain in her lower back.  She had tenderness in the cervical spine.  Range of motion in her neck was normal, but extremely painful and Plaintiff complained of dizziness on moving her neck to the right.  Plaintiff had tenderness in both shoulders, with normal range of motion but painful, especially on the left.  Plaintiff's grip strength was 4/5 in both hands, and she had muscle strength of 5/5 in both the upper and lower extremities.  Her straight leg raising test was about 80 degrees in both legs and Plaintiff complained of severe pain in her lower back.  Plaintiff also had tenderness in both knees and hips, with normal but painful range of motion.  AR 427-28.

Dr. Buttan stated that Plaintiff's main problem appeared to be pain in different joints, especially the neck, lower back, and hands.  Dr. Buttan opined that Plaintiff should be able to sit for 4 to 5 hours a day, but not more than ½ hour at a time, stand for about 4 to 5 hours a day, and walk for about 3 to 4 hours a day.  Plaintiff could occasionally lift and carry up to 10 pounds and should be able to work with her hands for about 3 to 4 hours a day, like working on a computer or keyboard, but she could not work more than ½ hour at a time or sit or stand more than ½ hour at a time.  AR 428.  Dr. Buttan further opined that Plaintiff could occasionally bend, kneel, squat, and crouch.  She should be able to do activities of daily living and handle her finances.  Dr. Buttan also indicated that Plaintiff

was not in a condition to do her regular and customary work of a truck driver. AR 429. The ALJ found Dr. Buttan's opinion "not persuasive." AR 24.

Plaintiff contends that the ALJ erred in finding Dr. Buttan's opinion "not persuasive," arguing the ALJ failed to acknowledge Dr. Buttan's opinion was supported by his positive examination findings and was consistent with the record as a whole. (Doc. 15 at p. 14.) In opposition, the Commissioner does not directly address Plaintiff's contentions regarding the ALJ's evaluation of Dr. Buttan's opinion. Rather, the Commissioner contends that the ALJ appropriately found the weight of the medical evidence, the efficacy of Plaintiff's treatment, and Plaintiff's decreasing reports of pain were consistent with the opinions of the state agency medical consultants. (Doc. 16 at p. 6.) The Commissioner's argument is not wholly persuasive given that the ALJ must articulate how persuasive she finds all of the medical opinions from each doctor and explain how she considered the supportability and consistency factors. *See Woods*, 32 F.4th at 792. The Court therefore considers whether the ALJ erred in evaluating the persuasiveness of Dr. Buttan's opinion.

In evaluating Dr. Buttan's opinion, the ALJ reasoned as follows:

> Dr. Buttan's one-time examination of the claimant does not support the degree of limitation opined, nor are these limitations consistent with the treatment record. While the claimant complained of significant tenderness during this exam, she had a normal gait with no assistive device, 5/5 strength apart from grip. Apart from her subjective complaints, the examination does not demonstrate that she would be limited as opined in her ability to stand and walk, or lift and carry.
>
> Additionally, while contemporaneous treatment records show complaints of tenderness throughout her body, she did not continue to report such ongoing pain. By January 2020, her cervical spine had improved, and treatment records in 2020 show few reports of ongoing musculoskeletal pain. Additionally, while her grip was 4/5 in this exam, the overall record does not document significant upper extremity abnormalities, and does not support a limitation to only occasional manipulative activities. Accordingly, these opinions are not persuasive.

AR 24.

The Court concludes that the ALJ properly evaluated the persuasiveness of Dr. Buttan's opinion. First, the ALJ determined that Dr. Buttan's one-time examination did not support the limitations opined. AR 24. This reasoning invokes the "[r]elationship with the claimant" factor, which includes consideration of the frequency of examination. 20 C.F.R. § 4041520c(c)(3). Further,

6

this reasoning also invokes the supportability factor, which means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); *Woods*, 32 F.4th at 791-92. With regard to supportability, the ALJ summarized Dr. Buttan's examination findings and concluded that, apart from Plaintiff's subjective complaints, those findings did not support the standing and walking or lifting/carrying limitations. AR. 24. In particular, the ALJ noted Dr. Buttan's objective findings that Plaintiff had a normal gait, required no assistive device, and had 5/5 strength in both her upper and lower extremities, and 4/5 grip strength. AR 24, 428. Dr. Buttan's examination also revealed that Plaintiff had normal range of motion in the neck, shoulders, hips, and knees. AR 428. The ALJ's determination that Dr. Buttan's objective findings did not support the identified limitations on standing and walking or lifting/carrying is supported by substantial evidence.

Plaintiff generally complains that the ALJ disregarded findings of tenderness and pain upon examination. However, the ALJ attributed those findings primarily to Plaintiff's subjective allegations. AR 24 ("the claimant complained of significant tenderness during this exam;" "Apart from her subjective complaints . . ."). The ALJ discounted Plaintiff's subjective complaints in the decision, (AR 21, 24-25), and Plaintiff presents no challenge to the ALJ's evaluation of her subjective complaints. Moreover, to the extent Plaintiff suggests an alternative interpretation of the evidence, this is not sufficient to establish reversible error. If the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020), citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Second, the ALJ concluded that Dr. Buttan's opined limitations were not consistent with the treatment record. AR 24. This reasoning expressly invokes the consistency factor, which "means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.' *Id.* § 404.1520c(c)(2)." *Woods*, 32 F.4th at 792. The ALJ acknowledged that contemporaneous treatment records showed complaints of tenderness, but concluded that Plaintiff did not continue to report ongoing pain and that her cervical spine had improved. AR 24. According to the record, following Dr. Buttan's April 2019 evaluation, Plaintiff's longitudinal treatment records showed that her reports of pain began to diminish in late 2019, and the

focus of her treatment began to shift to seizures and migraines. AR 21, 511, 517, 518, 520, 523, 525, 527, 528, 529, 531, 533, 535, 537, 539, 542, 547. In June 2019, Plaintiff herself reported that she experienced a 70-percent improvement in her pain level with medication. AR 21, 489-91. By 2020, the treatment record included few reports of ongoing musculoskeletal pain, and her cervical spine pain was improved. AR 24, 511, 517, 518, 520, 523, 525.

In addition, the ALJ noted Plaintiff's grip strength during Dr. Buttan's evaluation was 4/5, but the overall record did not document significant upper extremity abnormalities. AR 24. Plaintiff challenges this finding as not supported by substantial evidence, but points only to a single examination predating Dr. Buttan's opinion where Plaintiff exhibited 3/5 grip strength. (Doc. 15 at p. 13.) This is not sufficient to undermine the ALJ's conclusion that the overall record did not document significant upper extremity abnormalities. The Court acknowledges Plaintiff's additional reliance on complaints of tenderness upon examination (*see* Doc. 15 at p. 14), but these subjective complaints were discounted by the ALJ, as discussed.

Based on the foregoing, the Court finds that the ALJ properly articulated how persuasive she found Dr. Buttan's opinion and explained how she considered the supportability and consistency factors. The ALJ's determination is supported by substantial evidence.

### B. FNP David Osbelt's Opinion

On October 15, 2020, FNP Osbelt completed a Physical Medical Source Statement form. He opined that Plaintiff could walk less than one city block without rest or severe pain. She could sit 10 or 15 minutes at one time and could stand 5 minutes at one time. In an 8-hour workday, she could only sit 10 minutes and walk for 0-2 minutes. She also must use a cane or other hand-held assistive device while standing or walking due to imbalance, pain, and weakness. She could never lift and carry any weight and could never twist, stoop (bend), crouch/squat, climb stairs, or climb ladders. FNP Osbelt stated that Plaintiff was unable to work. AR 566-69.

In evaluating FNP Osbelt's opinion, the ALJ reasoned as follows:

> Nurse Osbelt's opined limitations would be consistent with the claimant being bedbound, which she is not. His treatment records do not contain objective findings supportive of such extreme limitations, nor are such limitations consistent with imaging showing only

mild to moderate degeneration in the claimant's spine.  As such, these opinions are not persuasive.

AR 25.

The Court concludes that the ALJ properly evaluated the persuasiveness of FNP Osbelt's opinion.  First, the ALJ observed that FNP Osbelt's opined limitations would be consistent with Plaintiff being bedbound, but she is not.  This reasoning implicates both the consistency and supportability factors.  20 C.F.R. § 404.1520c(c).  Plaintiff does not challenge the ALJ's observation and conclusion and cites no evidence – either in the medical record or in Plaintiff's allegations – demonstrating that she is, in fact, bedbound.

Next, the ALJ explained that FNP Osbelt's treatment records did not contain objective findings supportive of the extreme limitations, an explanation that invokes the supportability factor.  AR 25.  Plaintiff disagrees with the ALJ's determination and cites to objective findings indicating "limited range of motion with internal rotation of the neck, weak hand grip 3/5, pain with the lateral rotation of her neck bilaterally, and tenderness to the L4-5 spine."  (Doc. 15 at pp. 14-15, citing AR 446, 529, 537.)  It is not evident from the record, and Plaintiff has not explained, how the cited objective findings are sufficient to support FNP Osbelt's extreme limitations, including that Plaintiff could only sit 10 minutes and walk for 0-2 minutes in an 8-hour workday and that she could not lift or carry any weight.

The ALJ also explained that FNP Osbelt's limitations were not consistent with imagining showing only mild to moderate degeneration in the claimant's spine, an explanation that invokes the consistency factor.  AR 25.  Plaintiff attempts to challenge this reasoning by citing imaging and x-ray records of the lumbar and cervical spine, which documented "decreased intervertebral disc space at the L5-S1 level, and mild osteoarthritic change of the lumbosacral is present with small osteophyte formation," "decreased intervertebral disc space at the C5-6 levels, and osteoarthritic change of the cervical spine," and "mild cervical spondylosis, moderate disc narrowing C5-C6, at C5-C6 uncinate process hypertrophy mild to moderate bilateral neural foraminal stenosis."  (Doc. 15 at p. 15, citing AR 448, 449, 450.)  As the ALJ determined, however, these imaging and x-ray records showed only mild or moderate findings.  In other words, these records do not include the severe findings as would

be expected for a bedbound individual as intimated by FNP Osbelt's opined limitations.  Insofar as Plaintiff posits an alternative interpretation of the objective evidence, this is not sufficient to establish reversible error.  *Ford*, 950 F.3d at 1154.

### **CONCLUSION AND ORDER**

For the reasons stated, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court DENIES Plaintiff's motion for summary judgment and appeal from the administrative decision of the Commissioner of Social Security, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the agency's determination to deny benefits.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Joana Darc Ferreira.

IT IS SO ORDERED.

Dated:   **April 5, 2023**                         /s/ *Barbara A. McAuliffe*                
                                                                                 UNITED STATES MAGISTRATE JUDGE